**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:24-cv-23851-GAYLES**

MARK VINYARD,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Carnival Corporation's Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND[1]

In September 2023, Plaintiff Mark Vinyard ("Plaintiff") was a passenger on the *Mardi Gras,* one of Defendant Carnival Corporation's ("Defendant") vessels. Plaintiff purchased an excursion in the Dominican Republic (the "Excursion") through Defendant's website. Although Plaintiff believed that Defendant or its agent or partner operated the Excursion, non-party Damajaguas Waterfalls and Buggy Tour (the "Tour Operator") operated it. The Excursion included a waterslide that emptied into a pool of water.

On September 5, 2023, while on the Excursion, Plaintiff used the waterslide. He alleges that the waterslide did not have sufficient water on it and, as a result, he had to rock back and forth

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

to make it down the waterslide.[2] When he reached the end, Plaintiff fell off the edge of the waterslide and into rocks that were concealed by the pool of water and sustained injuries.

On October 4, 2024, Plaintiff filed this action against Defendant for negligent failure to warn (Count I), negligent maintenance (Count II), negligent selection of tour operator (Count III), negligent retention of tour operator (Count IV), and negligence based on apparent agency or agency by estoppel (Count V). [ECF No. 1]. Plaintiff did not sue the Tour Operator.

Plaintiff alleges that the insufficient water on the slide, the hidden rocks in the pool of water, and the lack of personnel manning the slide—the risk-creating conditions—caused his injuries. Plaintiff also alleges that Defendant had actual or constructive notice of the risk-creating conditions because (i) it knew of prior reviews of the Excursion where passengers reported getting injured by rocks hidden along the waterfall slide; (ii) it has policies and procedures requiring personnel to be placed at the top, bottom, and other locations along the slide to assist passengers; and (iii) prior passengers have been injured after using slides on Defendant's other vessels.

For his negligent selection and retention claims, Plaintiff alleges that Defendant hired and continued to use the Tour Operator despite notice of the risk-creating conditions. Moreover, Plaintiff contends that Defendant should have known that the Tour Operator did not have a properly functioning waterslide or "access to sufficient waterfall slides for its participants"[3] because of Defendant's involvement in the excursion planning process. Finally, in Count V, Plaintiff alleges that Defendant is responsible for the Tour Operator's negligence based on apparent agency or agency by estoppel.

---

[2] Plaintiff alleges that when he was at the top of the waterslide, one of the Tour Operator's "workers" initially pushed him down the slide. Plaintiff does not allege that this push caused his injuries.

[3] The Complaint contains no additional allegations about the Tour Operator's lack of access to sufficient waterfall slides to accommodate participants. Rather, the Complaint focuses on Defendant and the Tour Operator's failure to provide a waterslide with the requisite waterflow and ensure that the base of the slide did not have concealed rocks.

Defendant now moves to dismiss, arguing that Plaintiff (1) fails to properly allege that Defendant had notice of the risk-creating conditions, (2) improperly seeks to impose heightened duties of care on Defendant, and (3) fails to plead sufficient facts to establish a claim for apparent agency or agency by estoppel.[4]

### LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

---

[4] Defendant asks the Court to consider the Plaintiff's Ticket Contract and Excursion Tickets (collectively the "Tickets") to establish that Plaintiffs knew that the Tour Operator operated the Excursion. The Court declines to consider the Tickets at this stage of the litigation because they are not necessarily central to Plaintiff's claims. *See Stone v. NCL*, 707 F.Supp.3d 1302, 1313 (S.D. Fla. 2023) ("[C]ourts in this district have found ticket contracts not to be central to Plaintiffs' claims when the claims are based in tort rather than contract.") (quoting *Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1355 (S.D. Fla. 2022)).

## ANALYSIS

**I.      Negligent Failure to Warn and Negligent Maintenance Claims (Counts I & II)**

To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.*

"Actual notice exists when the defendant knows of the risk creating condition" *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

The Court finds that Plaintiff adequately alleges that Defendant had actual or constructive notice of the risk-creating conditions that caused his injuries. In particular, Plaintiff's allegations that Defendant "was aware of prior reviews posted on [it's] website where passengers reported getting injured as a result of the rocks hidden along the waterfall slide on the [Excursion]" are

enough, at this stage of the litigation, to show that Defendant had notice of the hidden rocks at this specific excursion. [ECF No. 1 ¶¶ 34, 43].[5] Accordingly, the Motion is denied as to Counts I and II.

## II.   Negligent Selection and Retention of Tour Operator Against Carnival (Counts III and IV)

In Counts III and IV, Plaintiff alleges that Defendant was negligent in selecting and retaining the Tour Operator. To state a claim for negligent selection or hiring of an independent contractor, a plaintiff must allege that: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the [contractor's] incompetence or unfitness was a proximate cause of the plaintiff's injury." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 796 (11th Cir. 2017) (quoting *Davies Com. Metals Co.*, 46 So. 3d 71, 74 (Fla. 5th DCA 2010)). The second element is satisfied where a plaintiff alleges sufficient factual allegations to show that the employer was on notice of the harmful propensities of the contractor hired or retained. *See Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016).

"The only difference between negligent selection and negligent retention claims is 'the time at which the [principle] is charged with knowledge of the [contractor's] unfitness.'" *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 n.7 (S.D. Fla. 2011) (alteration in original) (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)). In negligent selection or hiring cases, the critical issue is whether the principal knew or should have

---

[5] Plaintiff also alleges that Defendant had notice of the risk-creating conditions because (1) it has policies and procedures for manning waterslides on *its vessels* and (2) there were two instances on Defendant's vessels, other than the *Mardi Gras*, where passengers were injured on waterslides. These allegations do not sufficiently establish notice. Having policies or procedures relating to the waterslides on the *Mardi Gras* is not sufficient to put Defendant on notice of the dangers of an excursion operated by a third-party. And, the prior instances on Defendant's vessels are not "substantially similar to the occurrence in question" such that they establish constructive notice. *Newbauer*, 26 F.4th at 935

known about the contractor's unfitness before or at the time the contractor was hired. *Garcia*, 492 So. 2d at 438 (stating that "the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background."). On the other hand, to state a claim for negligent retention, a plaintiff must allege that "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* at 438–39.

With respect to his negligent selection claim, Plaintiff fails to explicitly allege that Defendant selected the Tour Operator knowing it was incompetent or unfit to run the Excursion. Rather, he states, in a conclusory fashion and without any supporting facts, that Defendant engaged the Tour Operator despite having notice that the Tour Operator did not have access to sufficient waterslides for its participants. In addition, for both claims, Plaintiff alleges that Defendant knew or should have known that the Tour Operator did not have safe waterslides because of its involvement in the excursion planning process. However, Plaintiff provides no detail about how Defendant's participation in the "planning process" put it on notice of safety issues with the Excursion or the Tour Operator's fitness.

Moreover, Plaintiff's allegation that Defendant was on notice of the dangers of the waterslides because of reviews on its website is not sufficient to establish that Defendant knew about the Tour Operator's unfitness at the time of hiring. Accordingly, Plaintiff's claim for negligent selection (Count III) shall be dismissed without prejudice. However, the Court finds that the online reviews are sufficient to establish that Defendant was on notice of the Tour Operator's unfitness during the course of employment and failed to take further action. *Id.* at 438-39. Therefore, Plaintiff has adequately alleged his claim for negligent retention (Count IV).

IV.     **Agency**

In Count V, Plaintiff alleges that Defendant is liable for the Tour Operator's negligence based on theories of apparent agency or agency by estoppel. Apparent agency and agency by estoppel are not independent causes of action. Rather, "[t]hese are merely legal theories." *Ash v. Royal Caribbean Cruises Ltd.*, 13-20619-CIV, 2014 WL 6682514, at *7 (S.D. Fla. Nov. 25, 2014) (citing *Barabe v. Apax Partners Europe Managers, Ltd.,* 359 F. App'x 82, 84 (11th Cir.2009)); *Kennedy v. Carnival Corp.*, No. 18-20829, 2018 WL 4410223, at * 3 (S.D. Fla. Jul. 24, 2018) (holding that apparent agency, agency by estoppel, and joint venture are not "independent causes of action") *report and recommendation adopted by Kennedy v. Carnival Corp.*, No. 18-20829, 2018 WL 4409970 (S.D. Fla. Aug. 7, 2018). Courts, however, review these types of claims as alternative theories for negligence liability. *Id.* "[T]o hold a principal liable for the negligence of an apparent agent, a plaintiff must sufficiently allege the elements of apparent agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable." *Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1311 (S.D. Fla. 2016).

Here, Plaintiff's agency theories fail because Plaintiff has not alleged the elements of the underlying negligent act of the *Tour Operator*. Specifically, Plaintiff alleges no facts to establish that the Tour Operator had notice of the alleged risk-creating conditions. Indeed, the reviews on *Defendant's* website would not necessarily put the Tour Operator on notice. *See Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1311 (S.D. Fla. 2016) (holding that "[b]ecause Plaintiffs allege no underlying negligence claim [against the excursion operator], the issue of whether Plaintiffs adequately alleged the elements of apparent authority is irrelevant."); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1343 (S.D. Fla. 2016) (holding that there can be no apparent agency claim

where a plaintiff fails to adequately allege an underlying negligence claim). Accordingly, Count

V shall be dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.      Carnival Corporation's Motion to Dismiss Plaintiff's Complaint, [ECF No. 11], is

**GRANTED in part and DENIED in part.**

2.      Counts III and V of Plaintiff's Complaint, [ECF No. 1], are **DISMISSED** without

prejudice.

3.      Plaintiff may move for leave to amend the Complaint on or before August 22, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of August, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE